# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN BRIAN REYNOLDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-176-NCC |
| | ) | |
| RICHARD HUDGINS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Stephen Brian Reynolds's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court lacks jurisdiction to grant the writ, and will transfer this case to the United States District Court for the Southern District of South Dakota.

A district court's jurisdiction over writs filed pursuant to 28 U.S.C. § 2241 is geographically limited to the judicial district in which petitioner's custodian is located. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently confined in the Yankton Federal Prison Camp located in Yankton, South Dakota. Petitioner's custodian, therefore, is located within the United States District Court for the Southern District of South Dakota. 28 U.S.C. § 122.

Pursuant to 28 U.S.C. § 1631, a District Court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other Court in which such action could have been brought. Upon transfer under § 1631, the action proceeds as if it had been originally filed in the Court to which it is transferred. The Court finds

that it would be in the interest of justice to transfer the instant case to the United States District Court for the Southern District of South Dakota.

Accordingly,

**IT IS HEREBY ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Southern District of South Dakota.

Dated this 3<u>rd</u> day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE